UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROVIDENCE CONDOMINIUM ASSOCIATION, ) ) ) Plaintiff, ) ) v. ) ) THE TRAVELERS INDEMNITY COMPANY ) OF AMERICA, ) ) Defendant. ) | Case No. 20 C 2659 **JURY DEMAND** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Now comes the Plaintiff, Providence Condominium Association, an Illinois not-for-profit corporation, and files its Original Complaint against Defendant, The Travelers Indemnity Company of America, and states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, Providence Condominium Association ("Providence" or "Plaintiff") is a not-for-profit corporation organized under the laws of the State of Illinois.

2. Upon information and belief, The Travelers Indemnity Company of America ("Travelers" of "Defendant") is a Connecticut insurance company registered with the Illinois Department of Insurance to do business within the state of Illinois and whose headquarters is located at One Tower Square, Hartford, Connecticut 06183. Travelers may be served through its agent for service of process, Director, Illinois Department of Insurance, 320 W. Washington, Springfield, Illinois 62767.

1

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) as this matter is one between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this jurisdictional district pursuant to 28 U.S.C. §1391(a)(2)/ §1391(b)(2) because the property that is subject to this matter is located in this district.

## CONDITIONS PRECEDENT

5. All conditions precedent to Plaintiff's right to recover have been fully performed or have been waived by Defendant.

## FACTS GIVING RISE TO THE COMPLAINT

6. On or about May 2, 2018, a wind and hail-related storm damaged forty-seven (47) buildings in a condominium complex held by Providence, located at 3041 Hughsdale Street, Elgin, IL 60124 (the "Property"). The Property sustained both hail and wind damage on all buildings at the Property (the "Loss").

7. On May 2, 2018, and at all times relevant, Travelers insured the Property against such losses pursuant to Policy No. 680-7F570088 for the May 2, 2018 loss, with effective dates of April 24, 2018 to April 24, 2019 (hereinafter, the "Policy"). A true and correct copy of the Policy is attached as **Exhibit A**.

8. After receiving the claim, Travelers inspected only six (6) of the buildings on the Property. Thereafter, Travelers approved $117,020.58 in covered damages[1] under the Policy for roof damages on only two (2) of the buildings at the Property.

9. Since that time, Providence provided Travelers with photographs and additional evidence, showing that, among other things, the roofs on all forty-seven (47) buildings at the

---

[1] Measured at "replacement cost" value under the Policy.

2

Property sustained hail damage. Despite the evidence of covered damages provided by Providence, Travelers refused to increase its adjustment, and after passing the claim to multiple adjusters, became completely non-responsive.

10. On or about March 21, 2019, after failing to receive any substantive response from Travelers in furtherance of the adjustment, Providence submitted a Proof of Loss claiming $4,621,888.25 in damages resulting from the May 2, 2018 loss (the "POL"), along with a damage estimate detailing the necessary repairs to all forty-seven (47) buildings at the Property.

11. Since Providence submitted the POL nearly twelve months ago, Travelers has passed the claim to multiple adjusters, but has provided no substantive, written communications regarding coverage.

12. Given Travelers' refusal to re-inspect the Property and increase its offer, and given that there is an approximate $4.5 Million Dollar difference in valuation on the damages sustained by the Loss, there is a clear dispute as to the "amount of loss" between the parties. Consequently, on or about March 6, 2020, Providence's board president sent a letter to Travelers, invoking the appraisal provision contained in the Policy (the "Appraisal Provision"), which details the contractual rights and obligations of the parties when there is a dispute as to the amount of the loss. The Appraisal Provision provides, in relevant part:

> **E. PROPERTY LOSS CONDITIONS**
>
> The following conditions apply in addition to the Common Policy Conditions:
>
> **2. Appraisal**
>
> If we and you disagree on the value of the property, the amount of Net Income and operating expense or the amount of loss, either may make written demand for an appraisal of the loss. **In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection**

**be made by a judge of a court having jurisdiction.** The appraiser will state separately the value of the property, the amount of Net Income and operating expense or the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

    **a.** Pay its chosen appraiser; and
    **b.** Bear the other expenses of the appraisal and umpire equally.

13. Upon receipt of Providence's written demand for appraisal, Travelers assigned a new adjuster to the claim. On April 6, 2020, Travelers' adjuster admitted to Providence's retained public adjuster that he had not yet inspected the property. Nevertheless, Travelers' adjuster subsequently issued a letter dated April 10, 2020 attempting to respond to Providence's demand for appraisal. Despite Travelers' admission of coverage and the plain language of the Appraisal Provision, Travelers failed to appoint an appraiser or submit the parties' dispute over the value of the Loss to appraisal as required by the terms of the Policy. Instead, the letter from Travelers' adjuster improperly attempted to impose an additional requirement – not contained in the Policy – namely, that Providence explain the reason(s) for the dispute and specify the items in dispute. Notwithstanding that, the Policy does not require that Providence explain the basis for its appraisal demand. Travelers has a copy of both the POL and the policyholder's estimate of damages. Not only is Travelers on notice of the nature of the damages sustained by the Loss as required, it has detailed information regarding the exact damages and corresponding line items required for repair of the Property. Travelers can perform a simple, side-by-side comparison of the estimates which will provide far more detail than is even required regarding the dispute as to the amount of the Loss. Given this, it is obvious that Travelers is delaying payment of the claim and avoiding appraisal in bad faith, thereby necessitating the filing of this lawsuit and forcing Providence to incur unnecessary legal costs and fees. For this reason and to the extent that Travelers continues to refuse to participate in good faith in appraisal, which is a contractually-required and material

requirement of the Policy that Travelers drafted and issued, Providence requests that the Court award its costs and reasonable attorneys' fees incurred in connection with this unnecessary lawsuit and subsequent Motion to Compel Appraisal.

## CAUSES OF ACTION

### Count 1 - Declaratory Judgment

14. Plaintiff restates and realleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

15. Pursuant to Federal Rule of Civil Procedure 57, a justiciable controversy exists between Providence and Travelers with respect to Travelers' Policy. Specifically, Providence is entitled to coverage, payment for the loss, and an appraisal proceeding pursuant to said Policy.

16. Providence seeks the Court to declare that Providence is entitled to coverage under the Policy for the full extent of damages sustained as a result of the May 2, 2018 loss.

17. Providence further seeks the Court to: (i) declare that appraisal is the appropriate form of dispute resolution for this matter, and (ii) compel Travelers to submit the damages sustained from the May 2, 2018 loss to the appraisal process pursuant to the terms of the Policy.

18. Providence further seeks the Court to declare that: (i) Providence is entitled to payment under the Policy for the damages sustained from the May 2, 2018 loss, and (ii) the appraisal panel shall determine the amount of the loss in accordance with the Policy and Illinois law.

### Count 2 - Breach of Contract

19. Plaintiff restates and realleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

20. Travelers breached the contract of insurance it had with Providence.

21. Travelers breached the contract by its failure to properly investigate, adjust and pay the claim for all covered damages as required by the Policy and Illinois law.

22. As a direct result of Travelers breaching its insurance contract with Providence, Providence has suffered damages in an amount in excess of $75,000, exclusive of interests and costs, in an amount to be proven at trial.

### Count 3 - Violation of Illinois "Bad Faith" Statute[2]

23. Plaintiff restates and realleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

24. As set forth above, Travelers failed to act in good faith and has violated numerous Unfair Claims Practices, as set forth in 215 ILCS 5/155.

25. Travelers has acted in bad faith, in a vexatious manner, and unreasonably during the purported adjustment of this claim.

26. Among other things, Travelers' vexatious and unreasonable conduct includes: (i) refusing and/or failing to conduct an adequate investigation of the loss and damage, including failing to inspect the majority of the buildings; (ii) engaging in massive delays, passing the claim to multiple adjusters, and providing no substantive communication regarding coverage for nearly a year after Providence submitted its POL; (iii) failing and/or refusing to open coverage on all forty-seven (47) buildings, without a full inspection, when there was obvious evidence that there was hail and wind damage on roofs that was identical to those roofs that had already been approved for replacement; (iv) failing and/or refusing to perform a re-inspection and/or properly investigate the loss and damage when Providence provided photographic evidence to Travelers to support the claim; (v) "low-balling" the settlement value of the claim and/or underpaying the claim with the

---

[2] See 215 ILCS 5/155

intent to deprive Providence of the value of their replacement cost Policy; (vi) failing and/or refusing to engage in the appraisal process in accordance with the terms of the Policy, which has necessitated this lawsuit; and/or (vii) in direct contradiction of the Policy terms and Illinois law, demanding that Providence provide information and/or satisfy certain conditions as a precursor to appraisal.

27. The conduct and actions of Travelers, as set forth above, was unreasonable and vexatious, which entitles Providence to certain extracontractual damages under Section 155 of the Illinois Insurance Code, which provides in relevant part:

> (1) In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for any unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
>> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>>
>> (b) $60,000;
>>
>> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

### ATTORNEYS' FEES

28. Plaintiff restates and realleges all of the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

29. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

30. Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to 215 ILCS 5/155, and such other and further relief as this Court deems just and proper.

## JURY DEMAND

31. Plaintiffs demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER

WHEREFORE, Plaintiff, Providence Condominium Association, prays that upon final hearing, that it recover all damages for and against Defendant, The Travelers Indemnity Company of America, that may be reasonably established by a preponderance of evidence; that an order be entered compelling the parties to submit to appraisal their dispute over the value of the Loss; and that Plaintiff be awarded attorney's fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show itself to be justly entitled.

**Dated: May 1, 2020**

                Respectfully submitted,

                **PROVIDENCE CONDOMINIUM ASSOCIATION**

                By:   s/James P. Kenny
                   ONE OF PLAINTIFF'S ATTORNEYS

Eric T. Green
**GREEN HODGES & GOWLAND, PLLC**
10440 N. Central Expressway, Suite 800
Dallas, Texas 75231
(800) 683-6975
eric@ghglawyers.com


James P. Kenny
**LAW OFFICES OF JAMES P. KENNY, P.C.**
135 South LaSalle St., Ste. 2200
Chicago, IL 60603
(312) 641-0700
james@kennylawfirm.com